The Honorable Tom Hawk State Representative, 67th District 3115 Harahey Ridge Manhattan, KS 66502
Dear Representative Hawk:
As state representative for the 67th district, you inquire whether a party with a security interest in fixtures related to real property can file a record of mortgage, rather than a uniform initial financing statement (UCC-1 form). You advise that some Registers of Deeds refuse to accept a record of a mortgage and, instead, require a UCC-1 form. To address this issue, we must review several Uniform Commercial Code (UCC) provisions.
Although Article 9 of the UCC was revised (Revised Article 9) in 2000, [1] its purpose remained unchanged-to provide a comprehensive scheme governing secured transactions in personal property and fixtures.[2] This is accomplished, in part, by filing a financing statement to perfect a security interest in collateral;[3] a financing statement filed properly constitutes notice to third parties of such secured interest.[4] A financing statement must include the debtor's name, the secured party's name, and a description of the collateral.[5]
The Revised Article 9 adopted a uniform initial financing statement form, [6] or a UCC-1 form. The form is designed to reduce errors by creditors and filing offices, allow uniformity and usage in all states, and permit electronic filing and searching of UCC records.[7] A filing office that accepts written records cannot refuse to accept a UCC-1 form.[8] However, this does not mean that a filing office can reject other types of statutorily authorized financing statements.[9]
A financing statement covering fixtures is filed with the Register of Deeds in the county where the collateral is located.[10] This is known as a "fixture filing."[11] The term "fixtures" is defined as "goods that have become so related to particular real property that an interest in them arises under real property law."[12] A fixture filing must not only satisfy the above requirements for a financing statement but also (1) indicate that it covers a fixture as collateral; (2) indicate that it is to be filed in the real property records; (3) describe the real property to which the collateral is related; and (4) provide the name of the record owner if the debtor does not have an interest of record in the real property.[13]
Although the Revised Article 9 adopted the UCC-1 form, a record of mortgage can serve as an alternative financing statement covering fixtures. K.S.A. 2008 Supp. 84-9-502(c) states:
A record of mortgage is effective . . . as a financing statement filed as a fixture filing . . . only if:
 (1) The record indicates the goods . . . that it covers;
 (2) the goods are or are to become fixtures related to the real property described in the record . . .;
 (3) the record satisfies the requirements for a financing statement in this section other than an indication that it is to be filed in the real property records; and
 (4) the record is recorded.
A "record" is broadly defined as "information that is inscribed on a tangible medium or which is stored in an electronic or other medium and is retrievable in perceivable form."[14] A mortgage is a "record." A UCC-1 form is not the exclusive method for perfecting a security interest in a fixture. This position is supported by two statutes that were added to the Revised Article 9. The first limits the reasons that a filing office can refuse to accept a financing statement[15] and the second lists those reasons-none include the failure to use a UCC-1 form.[16]
Based upon a review of the above provisions, a record of mortgage can be filed as a financing statement covering fixtures with the Register of Deeds in the county where the collateral is located if such record complies with the requirements of a fixture filing. The Register of Deeds cannot refuse to accept such record for failure to use a UCC-1 form.
Sincerely,
Steve Six Attorney General
Janet L. Arndt Assistant Attorney General
SS:MF:JLA:jm
[1] L. 2000, ch. 142, §§ 1 — 134; now codified in K.S.A. 2008 Supp. 84-9-101 through 84-9-801.
[2] K.S.A. 2008 Supp. 84-9-101, Official UCC Comment, n. 1.
[3] K.S.A. 2008 Supp. 84-9-310(a).
[4] Pankratz Implement Co. v. Citizens Nat'l Bank,281 Kan. 209, 224 (2006).
[5] K.S.A. 2008 Supp. 84-9-502(a).
[6] K.S.A. 2008 Supp. 84-9-521(a).
[7] K.S.A. 2008 Supp. 84-9-521, Official UCC Comment, n. 2, and Pearson and Pohl, A Brief Overview of Revised Article 9 inKansas, 72 J.K.B.A. 22, 28 and 30 (Sept. 2003).
[8] K.S.A. 2008 Supp. 84-9-521(a).
[9] K.S.A. 2008 Supp. 84-9-521, Official UCC Comment, n. 2 (A filing office should promote the use of the adopted "forms by declaring them to be the `standard' [but not exclusive] forms for each jurisdiction, albeit without in any way suggesting that alternative forms are unacceptable.").
[10] K.S.A. 2008 Supp. 84-9-501(a)(1)(B). But, a financing statement covering fixtures owned by a transmitting utility is filed centrally with the Secretary of State. K.S.A. 2008 Supp. 84-9-501(b).
[11] K.S.A. 2008 Supp. 84-9-102(40).
[12] K.S.A. 2008 Supp. 84-9-102(41).
[13] K.S.A. 2008 Supp. 84-9-502(b).
[14] K.S.A. 84-9-102(68).
[15] K.S.A. 2008 Supp. 84-9-520(a).
[16] K.S.A. 2008 Supp. 84-9-516(b).